**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RUTH ROSS et al.,**

                         **Plaintiffs,**                  5:14-cv-1010
                                                                                     (GLS/ATB)

                            **v.**

**KIM LAVINE et al.,**

                         **Defendants.**
_____

## SUMMARY ORDER

On May 22, 2015 plaintiffs filed a motion for default judgment as to defendants Kim Lavine and Mommy Millionaire, Inc. (Dkt. No. 27.) Subsequently, plaintiffs informed the court that Lavine filed a petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. (Dkt. No. 29.) Plaintiffs request that the court stay the action as to Lavine, and enter default judgment as to defendant Mommy Millionaire alone. (*Id.*) In light of the automatic stay provision of the Bankruptcy Code, *see* 11 U.S.C. § 362(a)(1), this action is stayed as to Lavine. With respect to plaintiffs' motion for default judgment against Mommy Millionaire, based on the submissions before it, the court cannot decide the merits of the motion. Accordingly, for the reasons that follow, plaintiffs' motion is denied with

leave to renew.[1]

Briefly, the relevant background of this dispute is as follows. Plaintiff Ruth Ross (hereinafter, "Ross") and her husband, Todd Ross, are the sole shareholders of plaintiffs Livie & Cole, Inc. and My 18 Inch Doll, Inc., which Ross operates out of her home (Compl. ¶ 5, Dkt. No. 1; Dkt. No. 27 ¶ 2.) Livie & Cole and My 18 Inch Doll specialize in clothing and accessories for eighteen-inch dolls, such as American Girl dolls. (Compl. ¶ 12.) Lavine, who owns Mommy Millionaire, a Michigan corporation, is the author of a book explaining how "to take small business operations and convert them into large scale operations through the use of venture capital." (*Id.* ¶¶ 9, 13.) Lavine also offers a business development course, which Ross took. (*Id.* ¶ 14.)

After taking Lavine's course, a consulting relationship developed between Lavine and plaintiffs. (*Id.*) Lavine claimed to have the ability to help bring Livie & Cole and My 18 Inch Doll "from an approximately $250,000 gross profit per year business to a business valued at $80,000,000," by getting their products into big box stores "utilizing

---

[1] On May 22, 2015, plaintiffs filed a letter motion requesting "some guidance regarding the [c]ourt's requirements for proving damages." (Dkt. No. 28.) Because plaintiffs' motion for default judgment is denied, this request for clarification is also denied.

Lavine's contacts in the business world." (*Id.* ¶¶ 16-17.) Lavine also offered to provide plaintiffs "connections to viable sources of investment capital." (*Id.* ¶ 20.) To that end, Lavine introduced Ross and her husband to Jaron Jay Hines, whom she claimed was "a reputable source for investors." (*Id.* ¶¶ 21-22.) Hines thereafter found an investor for plaintiffs, namely, Sidney Brass, whom Lavine also reported to be reputable. (*Id.* ¶¶ 22-23.) Lavine "advised [p]laintiffs not to communicate directly with . . . Brass," and, thereby, became the sole contact with Brass. (*Id.* ¶ 24.) Despite plaintiffs' outlay of approximately $13,000 for due diligence in anticipation of an $8,000,000 investment from Brass, "[t]he deal was never consummated." (*Id.* ¶¶ 26-27.) Plaintiffs later learned that Brass "was not a viable investor and had previously been convicted of attempted forgery and for making false statements." (*Id.* ¶ 25.)

Plaintiffs filed their complaint on August 13, 2014, alleging two unspecified causes of action against Lavine and Mommy Millionaire, and seeking $500,000. (*Id.* ¶¶ 15-28.) On February 2, 2015, after an extension of time to effect service had been granted, (Dkt. No. 6), plaintiffs served Lavine and Mommy Millionaire "utilizing the state law 'nail and mail' method of service." (Dkt. Nos. 9-10; Dkt. No. 27, Attach. 1 ¶ 3.) On March 27,

3

2015 plaintiffs requested the clerk enter default, and shortly thereafter, default was entered. (Dkt. Nos. 17, 19.) Plaintiffs filed the pending motion thereafter.

First, it is unclear what authority plaintiffs rely on which permits service using the "nail and mail" method upon a corporate defendant. *See Gabr Int'l Trading Corp. v. Birdsall*, No. 07-CV-4310, 2009 WL 595605, at *2 (E.D.N.Y. Mar. 6, 2009) ("New York law does not permit 'nail and mail' service upon a corporation."). Second, although this is a diversity action, plaintiffs have failed to address the threshold issue of which substantive body of law should apply to their claims. *See Meyer v. Meyer*, No. 1:08-CV-1136, 2010 WL 2651910, at *5 n.4 (N.D.N.Y. June 25, 2010) ("A federal court sitting in diversity must apply the choice of law rules of the forum state, which here is New York." (internal quotation marks and citation omitted)); *see also Keehfus Ltd. P'ship v. Fromkin Energy, LLC*, No. 1:06-CV-987, 2007 WL 2454217, at *3 (N.D.N.Y. Aug. 23, 2007) ("In New York, there are two different choice-of-law analyses, one for contract claims, another for tort claims." (internal quotation marks and citation omitted)). Finally, plaintiffs' complaint does not clearly label their claims against Mommy Millionaire, and the court is uncertain as to the causes of

4

action asserted.  Notably, in determining whether to grant a judgment of default, although the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in the moving party's favor, *see Finkel v. Romanowicz*, 577 F.3d 79, 81 n.1, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), "a plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default," *Finkel v. Triple A Group, Inc.*, 708 F. Supp. 2d 277, 280 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see W.A.W. Van Limburg Stirum v. Whalen*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993). Therefore, if plaintiffs choose to refile, the following areas should be addressed in their motion papers: (1) how service on defendant Mommy Millionaire by the "nail and mail" method satisfies Rule 4 of the Federal Rules of Civil Procedure; (2) as this is a diversity action, what jurisdiction's substantive body of law applies to plaintiffs' claims; and (3) precisely what claims are made in the complaint against Mommy Millionaire under such jurisdiction's laws.

Accordingly, it is hereby

**ORDERED** that this action is **STAYED** as to defendant Kim Lavine;

and it is further

**ORDERED** that plaintiffs' motion for default judgment (Dkt. No. 27) is **DENIED** with leave to renew within thirty (30) days of the date of this Summary Order; and it is further

**ORDERED** that plaintiffs' request for clarification regarding default judgment damages (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 14, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge